UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUE A. HAKE, DPM | ) | Civil Action |
| Plaintiff | ) | Case No.: |
| | ) | |
| versus | ) | Division |
| | ) | Judge |
| THE PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA and THE OCHSNER | ) | Magistrate |
| CLINIC FOUNDATION EMPLOYEE | ) | Magistrate Judge |
| WELFARE BENEFIT PLAN | ) | |
| Defendants | ) | |

## **COMPLAINT**

Plaintiff, Sue A. Hake, DPM, for her Complaint respectfully represents:

### **Introduction**

1.

This is a claim by Plaintiff, Sue A. Hake, DPM, FACFAS, for long-term disability benefits due under the terms of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

### **The Parties**

2.

Plaintiff, Sue A. Hake, DPM, FACFAS, is a person of the full age of majority and a citizen of the State of Louisiana.

3.

Named Defendant is the Ochsner Clinic Foundation Employee Welfare Benefit Plan (the "Plan"), an employee welfare benefit plan created and existing under ERISA. The Plan provides long-term disability insurance coverage and other benefits to eligible and qualified employees of Ochsner Clinic Foundation and its related entities ("Ochsner").

4.

Named Defendant is The Prudential Insurance Company of America ("Prudential"), a foreign insurer with its principal place of business in Newark, New Jersey. At all material times, Prudential insured the Plan and served as the claims administrator for the Plan.

**Jurisdiction & Venue**

5.

This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

6.

Venue is proper in this District because defendants transact their affairs and may be found in this District, and their improper conduct as alleged in this Complaint took place in this District. 28 U.S.C. § 1132(e)(2).

**Background**

7.

At all material times since approximately February 2005, Dr. Hake has been actively employed as a full-time podiatric surgeon by the Ochsner Health System. As a full-time employee of Ochsner Dr. Hake was a participant in the Plan.

8.

In approximately February 2010, Dr. Hake became unable to work because of the physical, functional and cognitive effects and limitations caused by psoriatic arthritis. Psoriatic arthritis is an incurable, progressive disease afflicting patients with psoriasis that causes periods of debilitating inflammation, pain and stiffness in a person's joints, sacrum and extremities.

9.

Dr. Hake submitted a claim for disability benefits under the Plan to Prudential. Prudential denied the claim based on the purported absence of objective evidence supporting her disability.

2

In denying the claim, Prudential misinterpreted the terms of the Plan by erroneously requiring that Dr. Hake comply with a heightened burden of substantiating her disability than was required under the terms of the Plan.

10.

Dr. Hake duly appealed Prudential's decision. In support of her appeal, Dr. Hake submitted to Prudential further substantial and uncontroverted objective medical evidence supporting her ongoing functional and cognitive limitations and physical disability.

11.

The Prudential did not respond to Dr. Hake's appeal, and Dr. Hake eventually proceeded to litigation in the matter captioned *Dr. Sue Hake v. Prudential, et al.*, EDLA Case No. 12-554(R)(2). During the litigation, Prudential overturned its prior claim decision and reinstated Dr. Hake's long-term disability benefits.

12.

Despite her sickness, Dr. Hake continued to work approximately two days per week, but sustained a commensurate loss of her monthly earnings for which Prudential continued to pay her a monthly disability benefit. However, due to a progression of her symptomology and practical inability to maintain a consistent level of patient care, Dr. Hake's sickness eventually caused her to stop working in 2014.

13.

During this time Prudential made concerted efforts to again terminate Dr. Hake's long-term disability benefits. In March 2015 Dr. Hake submitted to an examination by a physician selected by Prudential to assess her sickness and ongoing disability. Following physical examination and review of voluminous medical records, Prudential's selected physician verified

Dr. Hakes' ongoing sickness and disability, concluding that Dr. Hake was "disabled to return to her original employment as a podiatric surgeon."

14.

Not satisfied with this finding, Prudential subsequently provided its selected physician with inaccurate and incomplete medical and pharmacy documentation falsely suggesting that Dr. Hake had been untruthful. Prudential's selected physician immediately changed her opinion concluding that Dr. Hake was now somehow *not* disabled and purportedly without *any* physical or functional limitation – only weeks after concluding that Dr. Hake was totally disabled based on the same medical evidence. The *sole* basis for Prudential's selected physician to completely reverse her finding was the subsequent information and documentation provided by Prudential.

15.

Shortly thereafter, Prudential (again) terminated Dr. Hake's long-term disability benefits premised on its selected physician's revised findings. Prudential also again misinterpreted and misapplied the terms of the Plan. Dr. Hake appealed Prudential's adverse benefits determination, and submitted substantial objective medical evidence supporting her loss of income, permanent functional and cognitive limitations, and physical disability. On April 18, 2016, Prudential affirmed its decision to terminate Dr. Hake's long-term disability benefits. Dr. Hake submitted a second appeal that Prudential also summarily denied.

16.

Dr. Hake has exhausted all non-futile administrative remedies available under the terms of the Plan and ERISA.

4

# COUNT I

## **Award of Benefits**

17.

Plaintiff, Sue A. Hake, DPM, has submitted substantial and uncontroverted objective medical evidence of her past and ongoing disability, and that she satisfies the requirements for disability benefits under a correct interpretation of the terms of the Plan.

18.

The terms of the Plan define "Disability" as follows:

You are disabled when Prudential determines that, due to your sickness or injury:

- you are unable to perform the material and substantial duties of your regular occupation, **or** you have a 20% or more loss in your monthly earnings; and
- you are under the regular care of a doctor. (Emphasis added).

19.

At all material times Dr. Hake has suffered a loss of earnings due to her sickness that far exceeds 20% of her pre-disability monthly earnings.

20.

At all material times Dr. Hake has submitted overwhelming, ongoing and objective fact and medical evidence establishing that as a result of her sickness she is unable to perform the material and substantial duties of her occupation as a podiatric surgeon on a full-time basis. All of Dr. Hake's treating physicians have found that she suffers from significant functional and cognitive limitations secondary to her sickness, and their findings are supported by a plethora of objective medical evidence and diagnostic test results.

21.

Dr. Hake has remained under the regular care of multiple doctors for treatment of her sickness, and she will more likely than not remain under the regular care of doctors for the remainder of her life.

22.

Dr. Hake, accordingly, is entitled to disability benefits due her under the terms of the Plan. 29 U.S.C. § 1332(a)(1)(B). Dr. Hake is further entitled to past disability benefits, with interest, due her under the terms of the Plan. *Id.*

## COUNT II

## Declaration of Rights to Future Benefits

23.

Dr. Hake has submitted substantial uncontroverted objective medical evidence of her past and ongoing physical and functional disability, and that she satisfies the requirements for disability benefits under a correct interpretation of the terms of the Plan.

24.

Dr. Hake has established that she is entitled to past and future disability benefits under the terms of the Plan, and accordingly, she is entitled to a Judgment clarifying and declaring that she is entitled to future disability benefits under the terms of the Plan. 29 U.S.C. § 1132(a)(1)(B).

## COUNT III

## Loss of Fringe Benefits and Damages

25.

As a result of Defendants' unreasonable denial of disability benefits, Dr. Hake has lost and/or has lost her eligibility to receive past and future fringe benefits. Dr. Hake is entitled to immediate reinstatement of all past and future fringe benefits, as well as all damages relating to

this loss of fringe benefits or that may otherwise be related to her loss of disability benefits and/or employment status.

## COUNT IV

### Breach of Fiduciary Duty & Other Equitable Relief

26.

Defendants owed Dr. Hake a fiduciary duty to fairly and justly administer her claim for long-term disability benefits and to pay her benefits due under the terms of the Plan. 29 U.S.C. § 1104, *et seq.* Defendants breached their fiduciary duty to Dr. Hake by arbitrarily and capriciously terminating her long-term disability benefits despite having overwhelming and uncontroverted objective medical evidence that Dr. Hake was and remains totally disabled under the terms of the Plan. Defendants pursued this course of conduct in bad faith and for their own financial benefit, and knowing that it would cause harm to Dr. Hake.

27.

As a result of Defendants' breach of their fiduciary duties, Dr. Hake's long-term disability benefits have been wrongfully terminated. Dr. Hake is entitled to immediate reinstatement of her long-term disability benefits, including back benefits, with interest, and all other equitable or remedial relief as the Court may deem appropriate. 29 U.S.C. §§ 1109(a); 29 U.S.C. § 1132(a)(2); 29 U.S.C. § 1132(a)(3).

## COUNT V

### Civil Penalties – Failure to Provide Claim Documents

28.

ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), provides for civil penalties for an administrator's failure to supply plan documents and benefits determination documents:

**Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary** (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary **within 30 days after such request** may in the court's discretion **be personally liable to such participant t or beneficiary in the amount of up to $100 a day from the date of such failure** or refusal, and the court may in its discretion order such other relief as it deems proper.  (Emphasis added).

29.

ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), states that "the administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description . . . contract, or other instruments under which the plan is established or operated."  Similarly, the Secretary of the U.S. Department of Labor prescribes that, in order to provide a full and fair review, the Plan must: "Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."  29 CFR § 2560.503-1(h)(2)(iii).  *See also* 29 CFR § 2560.503-1(m)(8) (Describing in detail all documents considered "relevant" to a claim for benefits).

30.

On September 28, 2015, and again on April 28, 2016, Dr. Hake submitted written request to Prudential, the Plan's claims administrator, requesting copies of all plan and claim documents relied on in denying the appeal. To date, Defendants have failed to provide Dr. Hake with a complete copy of all documents and other materials that they claim to have relied on in reaching their adverse benefits determination or in denying the appeals.

31.

Defendants, accordingly, are liable for civil penalties in the amount of $100.00 for each day that they have failed – and continue to fail – to provide Dr. Hake with copies of the requested claim documents.

WHEREFORE, Plaintiff, Sue A. Hake, DPM, FACFAS, prays that after all due proceedings are had herein, that judgment be entered in her favor, and against Defendants, The Prudential Insurance Company of America and Ochsner Clinic Foundation Employee Welfare Benefit Plan: a) reinstating her past long-term disability benefits; b) declaring that she has a right to long-term disability benefits under the Plan; c) clarifying her rights to future benefits under the Plan; and d) an award of attorney's fees, costs, civil penalties, damages, and prejudgment and post-judgment interest until paid, and for all other legal and equitable relief that she may be entitled.

Respectfully submitted,

__*/s/ Joseph S. Piacun*_____
JOSEPH S. PIACUN, T.A. (25211)
REID S. UZEE (31345)
Gennusa, Piacun & Ruli
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006
Telephone: (504) 455-0442
Facsimile: (504) 455-7565
Email: jpiacun@gprlawyers.com
**Attorneys for Plaintiff,**
**Sue A. Hake, DPM, FACFAS**